UNITED STATES DISTRICT COURT
DISTRICT OF NEVADA
* * *

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | Case No. 2:12-cr-00163-LDG-CWH |
| ) | |
| vs. ) | **REPORT AND RECOMMENDATION** |
| ) | |
| JONATHAN RICHARD CALL, ) | |
| ) | |
| Defendant. ) | |
| ) | |

This matter was referred to the undersigned Magistrate Judge on Defendant Jonathan Call's Motion to Suppress (#53), filed on January 14, 2013. The Court also considered the Government's Response (#56), filed on January 28, 2013, and Defendant's Reply (#57), filed on February 4, 2013.

### BACKGROUND

On May 9, 2012, Defendant Jonathan Call ("Call") was indicted for the alleged theft of government property in violation of 18 U.S.C. § 641. (#30). He is also charged with aiding and abetting in violation of 18 U.S.C. § 2. Call is the owner and operator of The Citadel Gun and Safe Store located in Las Vegas, Nevada. The charges stem from an investigation conducted by the Air Force Office of Special Investigations ("AFOSI") that commenced on or around November 1, 2010. In conjunction with the investigation, AOFSI Agent Adam Wheaton applied for and obtained warrants to search: (1) The Citadel Gun and Safe Store, (2) a warehouse or storage unit located near the Citadel Gun and Safe Store, and (3) Call's residence. In the instant motion, Call requests a hearing pursuant to *Franks v. Delaware*, 438 U.S. 154 (1978), claiming that all evidence obtained from the searches should be suppressed because the affidavit submitted in support of the search warrant application contained false statements and misleading omissions.

**DISCUSSION**

In *Franks v. Delaware,* the Supreme Court established a two-prong test for challenging the sufficiency of a search warrant affidavit. 438 U.S 154. The Court noted that there is a "presumption of validity with respect to the affidavit supporting the search warrant." *Id.* at 171. A defendant is entitled to an evidentiary hearing on the validity of the affidavit underlying a search warrant if he can make a substantial preliminary showing that (1) the affidavit contains intentionally or recklessly false statements or misleading omissions and (2) the affidavit cannot support a finding of probable cause without the allegedly false information. *Id.* at 155-56. The Ninth Circuit has said that "[t]o justify a hearing, a defendant must make specific allegations, allege a deliberate falsehood or reckless disregard for the truth, and accompany such a claim with a detailed offer of proof." *United States v. Craighead*, 539 F.3d 1073, 1080 (9th Cir. 2008) (citation omitted). "A hearing will not be held on a defendant's pre-trial motion to suppress merely because a defendant wants one. Rather, the defendant must demonstrate that a 'significant, disputed factual issue' exists such that a hearing is required." *United States v. Martin*, 2010 WL 5575323 *7 (D. Nev.) (*citing United States v. Harris*, 914 F.2d 927, 933 (7th Cir. 1990)).

Even if a defendant makes the preliminary showing, that is not enough, standing alone, to entitle a defendant to a *Franks* hearing. A defendant must also show that the affidavit would not be sufficient to support a finding of probable cause even if was purged of its falsities and supplemented by the omissions . *See United States v. Stanert*, 762 F.2d 775, 782 (9th Cir. 1985) (*citing Franks*, 438 U.S. at 171-72). "The effect of misrepresentations and omissions on the existence of probable cause is considered cumulatively." *Stanert*, 762 F.2d at 782 (citation omitted). Thus, the judge reviewing a request for a *Franks* hearing must determine whether the affidavit, once corrected, would provide a magistrate with the basis necessary to conclude that probable cause exists. *Id*. Probable cause determinations are made by viewing the "totality of the circumstances" set forth in the affidavit. *See Illinois v. Gates*, 426 U.S. 213(1983). Probable cause is a fluid concept not easily reduced to a set of legal rules. *Id*. Consequently, the task of a magistrate judge is "simply to make a practical, common-sense decision whether, given all the circumstances set forth in the affidavit . . . including the 'veracity' and 'basis of knowledge' of persons

supplying hearsay information, there is a fair probability that contraband or evidence of a crime will be found in a particular place." *Id*. at 238. A magistrate judge's determination of probable cause is accorded significant deference, *e.g. United States v. Gil*, 58 F.3d 1414, 1418 (9th Cir. 1995), and there is a "presumption of validity with respect to the affidavit supporting the search warrant." *Franks*, 438 U.S. at 171.

After careful consideration, the undersigned finds that Call has not met his burden to demonstrate that he is entitled to a *Franks* hearing. The Court will first address the alleged false statements, then the alleged misleading omissions, and finally analyze whether probable cause exists without the alleged false information.

I.      **False Statements and Misleading Omissions and Detailed Offer of Proof**

The first requirement for a *Franks* evidentiary hearing is that the defendant must make specific allegations that the affidavit contains intentionally or recklessly false statements or misleading omissions. *Craighead*, 239 F.3d at 1080. The Government does not dispute that Call has made specific allegations, but argues Call's claims are not supported by a detailed offer of proof and alleged statements and omissions are neither false nor misleading.

"When challenging a warrant affidavit pursuant to *Franks*, the defendant must not only specify which portions are false, but must also furnish affidavits or other reliable documentation in support of his challenge or satisfactorily explain the absence of such supporting documentation." *See United States v. Fowlie*, 24 F.3d 1059, 1066 (9th Cir. 1994) (citation omitted). The failure to do so may result in the motion being denied. *See e.g.*, *United States v. Ruddell*, 71 F3d 331, 334 (9th Cir. 1995). In determining whether a defendant is entitled to an evidentiary hearing "clear proof" of intentional or reckless false statements or misleading omissions is not required. *United States v. May*, 2009 WL 1542557 *9 (D. Nev.) (citing *Stanert*, 762 F.2d at 781). Such proof is reserved for the evidentiary hearing. *United States v. Gonzales, Inc.*, 412 F.3d 1102, 1111 (9th Cir. 2005). The defendant must, however, "offer direct evidence of the affiant's state of mind or inferential evidence that the affiant had obvious reasons for omitting facts in order to prove deliberate falsehood or reckless disregard." *May*, 2009 WL 1542557 *9 (D. Nev.)

(quoting *United States v. Souffront*, 338 F.3d 809, 822-23 (7th Cir. 2003)). Deliberate intent or reckless disregard for the truth can be inferred from the omission of material facts that would have negated probable cause, but the "omission rule . . . does not require that the affidavit provide general information about every possible theory that would controvert the affiant's good faith assertion of probable cause." *May*, 2009 WL 1542557 (quoting *Craighead*, 539 F.3d at 1081).

Call concedes that the only offer of proof submitted in support of his motion was the affidavit submitted in support of the search warrant (Ex. A attached to Def.'s Mot. (#53)) and the AOFSI Report (Ex. B attached to Def.'s Mot. (#53)). However, he argues that the exhibits "illustrate the affiant's intent to mislead the magistrate judge" and represent "substantial evidence of the agent's intent to include false statements and/or omissions in the search warrant affidavit." *See* Def.'s Reply (#57) at 3:6-9, 4: 2-5. Call has also attached two affidavits to his reply – an affidavit from his wife, Amber Call, and an affidavit from David Gagliard, general manager of the Citadel Gun and Safe Store. *See* Exs. A and B attached to Def.'s Reply (#57). Finally, Call attached a supply catalog. *See* Ex. C attached to Def.'s Reply (#57).

Call identifies several statements within the affidavit that he believes are intentionally or recklessly false or deliberately misleading. The Court will analyze each in turn to determine whether they are false or misleading and, if so, whether they are the result of a deliberate or reckless disregard for the truth. *See e.g.*, *United States v. Kyllo*, 37 F.3d 526, 529 (9th Cir. 1994); *United States v. Burnes*, 816 F.2d 1354, 1358 (9th Cir. 1987) (mere negligence is not sufficient to warrant a *Franks* hearing); *United States v. Kiser*, 716 F.2d 1268, 1274 (9th Cir. 1983) (must demonstrate false or misleading information included to deliberately or recklessly mislead the magistrate); *Franks*, 438 U.S at 171 ("Omissions or misstatements resulting from negligence or good faith mistakes will not invalidate an affidavit which on its face establishes probable cause.").

**A.    Intentionally or Recklessly False Statements**

Call asserts the affidavit contains the following intentionally or recklessly false statements: Statement #1: On July 30, 2011, Call "assured CS-1[1] that he would be able to secure more stolen military

---

[1] "CS-1" refers to a confidential informant utilized during the investigation into the activities of Call.

4

property." *See* Wheaton Affidavit attached as Ex. A to Def's Mot. (#53) at 4:17-18 (hereinafter "Wheaton Aff.")[2];

Statement #2: On August 9, 2011, Call provided eight rifles to CS-1 and told CS-1 that these weapons "were not part of the stolen military purchase." *See* Wheaton Aff. at 5:20-21;

Statement #3: Citadel Gun and Safe had its federal firearms license revoked for providing weapons to Mexican nationals. *See* Wheaton Aff. at 6:10-12;

Statement: 4: Call informed CS-1 that he was willing to sell more stolen military propery in the future and a large amount was being stored in his residence. *See* Wheaton Aff. at 6:13-14; and

Statement#5: IR strobes, ground signaling lasers, and all night vision goggles are "military use" and in exclusive use by the United States Armed Services. *See* Wheaton Aff. at 7: 9-10.

### 1.   Statements 1, 2, and 4

Nothing in the materials submitted by Call supports the conclusion that Statements 1, 2, or 4 are intentionally or recklessly false. Call points generally to the AFOSI report to argue that these statements must be false because they reference stolen property and he never referred to anything as stolen property but, rather, as military spec gear. The Court agrees with the Government that Call has misread each of these statements. Nothing in the affidavit indicates the quotes came verbatim from Call. The statements simply indicate the belief that the property described and sold by Call during the undercover investigation was stolen. The allegedly false statements are statements from an informant and not the affiant. It is well established that a magistrate judge may consider hearsay information as part of the probable cause determination for a search warrant. *See Gates*, 426 U.S. at 238-39. As held in *Franks*, not everything in the affidavit must necessarily be correct, "for probable cause may be founded upon hearsay and upon information received from informants." 438 U.S. at 165. But the affidavit must set forth some facts and circumstances upon which an informant's conclusions are reached so that the magistrate can independently determine whether there is probable cause. *Id*. The question really raised by this allegedly false or reckless statement is whether the informant was credible. The Court will undertake that analysis separately. *See* Section II.

---

[2] The Court notes that Call identifies the Wheaton Affidavit as being attached at Exhibit B, but it is attached as Exhibit A to his motion. Exhibit B is a copy of the Report of Investigation prepared by the United States Air Force Office of Special Investigations.

### 2. Statement 5

Call also argues that Statement 5 in the affidavit regarding the "IR strobes, ground signaling lasers, and all [night vision goggles] are designed for and in exclusive use by the [United States] Armed Services" (*see* Wheaton Aff. at 7: 9-10) is false. Call has not made the preliminary showing necessary that this statement is intentionally or recklessly false. First, he has not provided any information to demonstrate that the statement as it relates to IR strobes or ground signaling lasers is untrue. He did submit an affidavit from David Gagliard, general manager of the Citadel Gun and Safe Store (*see* Exhibit B attached to Def.'s Reply (#57)), which states that night vision goggles can be purchased commercially. Therefore, the statement that night vision goggles are exclusively for military use is not true. The Wheaton Affidavit refers specifically to night vision goggles or equipment that has been specifically designed or configured for military use as export controlled items. That there may be some vision goggles available commercially does not make the statement that night vision goggles specifically designed and configured for military use as export control items untrue. Consequently, the Court finds that the statement was not made with deliberate or reckless disregard for the truth. The Court further finds that the admittedly broad nature of the statement is a result of negligence in tying the specific statement to the specifics of the investigation, which is not enough to conclude the statement was intentionally or recklessly or misleading. *See Kiser*, 716 at 1274 (9th Cir. 1983) (must demonstrate false or misleading information included to deliberately or recklessly mislead the magistrate); *see also Franks*, 438 U.S at 171.

### 3. Statement 3

Lastly, the affidavit states that Citadel Gun and Safe had its federal firearms license ("FFL") revoked by the Bureau of Alcohol, Tobacco, and Firearms ("ATF") for providing weapons to Mexican nationals. *See* Wheaton Aff. at 6:10-12. The Government contends that this statement is "very close to true." Put another way, the Government concedes the statement is false.[3] Nevertheless, the Government

---

[3] The affidavit from Amber Call, attached as Exhibit A to Defendant's Reply (#57), indicates that she and Defendant Call, who are husband and wife, determined in 2008 to surrender their FFL. It further states that they obtained an extension of the FFL in order to dispose of firearms inventory.

argues the statement is not intentionally or recklessly false because Call did lose his FFL license and conceded that he sold weapons to Mexican Nationals during his detention hearing. The Court finds that Statement 3, though not intentionally false, was reckless. Whether Call's FFL had been revoked for the reason stated should have been corroborated before it was included in the affidavit.

### B. Misleading Omissions

Intentional or reckless omissions may also provide grounds for a *Franks* hearing. *See United States v. Jawara*, 474 F.3d 565, 582 (9th Cir. 2007). In *Jawara*, the Ninth Circuit reiterated that a defendant can "challenge a facially valid affidavit by making a substantial preliminary showing that 'the affiant intentionally or recklessly omitted facts required to prevent technically true statements in the affidavit from being misleading.'" *Id*. (*citing Stanert*, 762 F.2d at 781 ("By reporting less that the total story, an affiant can manipulate the inferences a magistrate will draw. To allow a magistrate to be misled in such a manner could denude the probable cause requirement of all real meaning.")). Omissions are not fatal unless they are made with the intent to deceive the court. *United States v. Nevell*, 58 F.Supp.2d 1204, 1208 (D. Or. 1999) (citations omitted). As with false statements, a defendant must also show that the affidavit, once corrected, would not provide a substantial basis to conclude probable existed to issue the warrant. *Stanert*, 762, F.2d at 782.

Call asserts that the affidavit is intentionally misleading because the following material information was omitted:

Omission #1: The confidential informant was the subject of a prior investigation and only provided allegations against Call after admitting to selling stolen property in his own store. *See* the Report of Investigation prepared by the United States Air Force Office of Special Investigations ("AOFSI Report") attached as Ex. B. to Def.'s Mot. (#53) at 8;

Omission #2: It is lawful to possess and sell used military chemical weapons suits and associated gear;

Omission #3: It is lawful to possess and sell Meals Ready to Eat ("MREs") purchased from individual military personnel who legally own them. *See* AOFSI Report at 16-17;

Omission #4: It is lawful to possess and sell individual night vision goggles. The affidavit provides no serial numbers or other description of the night vision goggles that were allegedly in Call's possession. No night vision goggles were removed during the search;

Omission #5: It is lawful to possess and sell interceptor vest with military spec body armor contained therein;

Omission #6: It is lawful to own interceptor vests with the newest camouflage pattern when such vests are demonstration vests sold by authorized dealers;

Omission #7: Call was permitted to possess and sell firearms in private sales; and

Omission #8: Call was instructed by ATF agents that selling firearms on consignment was permitted.

Based on these alleged false statements and misleading omissions, Call argues he is entitled to a hearing on the validity of the search warrants and to determine whether the evidence seized during execution of the search warrants should be suppressed.

### 1.     Omissions 2-6

Call argues that each of these alleged omissions could provide a potentially innocent explanation for the facts set forth in the affidavit. However, an affidavit need not list potentially innocent interpretations of the facts contained within it. *See e.g. United States v. Taylor*, 716 F.2d 701, 705-06 (9th Cir. 1983). The fact that some acts might be consistent with innocence is immaterial. *United States v. Campos*, 973 F.2d 485, 490 (9th Cir. 1991); *United States v. Hoyos*, 892 F.2d 1392-93 (9th Cir. 1989) (overruled on other grounds by *United States v. Ruiz*, 257 F.3d 1030 (9th Cir. 2001)). As previously noted, the "omission rule . . . does not require that the affidavit provide general information about every possible theory that would controvert the affiant's good faith assertion of probable cause." *May*, 2009 WL 1542557 (*quoting Craighead*, 539 F.3d at 1081).

The alleged Omissions 2-6 may benefit Call during trial, but do not provide substantial justification to conduct a *Franks* hearing. The Court also notes that alleged Omissions 2, 4, 5, and 6 are unsupported legal conclusions. As noted in *United States v. Call*, 2009 WL 6047137 (D. Nev.), an "affidavit in support of search warrant is not a legal brief. The reviewing [m]agistrate [j]udge is familiar with the law." *Id*. at *8. Moreover, Defendant Call has pointed to no law or regulation to support the claim these activities could be legal.

As to Omission 3, even if individual military personnel can sell issued but unused MREs, the Court finds that the omission of this fact was not meant to deceive the reviewing magistrate. The affidavit recounts the details of a conversation with a sales representative for the company that produces MREs. It was the sales representative that advised MRE's are sold exclusively to the Department of Defense and

not for commercial resale. Probable cause may be founded upon hearsay and upon information received from informants." *Franks*, 438 U.S. at 165. The sales representative further advised that "complete pallets of MREs not located in U.S. Government facility would be an indicator of theft." *See* Wheaton Aff. At 6:22-25. During the course of the investigation, prior to the conversation with the sales representative, two full pallets of MREs were viewed in Call's storage facility. Given this, the Court finds that Call has not met his burden to show that this alleged Omission 3, even if true, was omitted with the intent to deceive the magistrate.

### 2.     Omissions 7 and 8

The Court is not persuaded that alleged Omissions 7 or 8 are misleading. They may prove useful or meritorious at trial, but do not provide the necessary support for a *Franks* hearing. Call asserts that a supposed agreement with ATF that he could sell firearms on consignment was intentionally withheld from the affidavit in an effort to mislead the magistrate. The affiant is a special agent for the Air Force Office of Special Investigations, not ATF. There is nothing indicating that AFOSI was a party to the alleged agreement nor is there any indication who at ATF might have authorized such an agreement. There is nothing to suggest that the affiant knew about this alleged agreement. In short, the existence of this agreement is unsubstantiated. The Court cannot find that there has been an omission intended to deceive the reviewing magistrate when the defendant has failed to make a substantial preliminary showing that the alleged omission is true. The same holds for Call's claim that he was "personally permitted to possess and sell firearms in private sales." Other than an unsubstantiated claim from Call's wife, there is no support for this claim. Call has not made the substantial showing that he obtained an extension of his FFL to sell inventory before the voluntary resignation of his FFL.

### 3.     Omission 1

Lastly, the Court addresses the claimed Omission 1 regarding information relating to the confidential informant used during the investigation. At the outset, the Court notes that Call's identification of the informant is entirely speculative. There is nothing in the affidavit or other materials confirming this speculation. This claimed Omission is really an extension of an undercurrent present

throughout the briefing that the confidential informant was not reliable because of an alleged ulterior motive. As the Ninth Circuit has stated: "It would have to be a very naive magistrate who would suppose that a confidential informant would drop in off the street with such detailed evidence and not have an ulterior motive." *United States v. Strifler*, 851 F.2d 1197, 1201 (9th Cir. 1988). Nevertheless, that is the claim here and the Court finds it unpersuasive.

The use of confidential informants has long been recognized as an important aspect of the criminal justice system. *See, e.g., Kiser*, 716 F.2d at 1270-71. Generally, when the reliability of a confidential informant is questioned the court conducts an ex parte, in camera review to determine whether the defendant has made the threshold substantial showing of falsehood. *United States v. Reeves*, 210 F.3d 1041, 1044 (9th Cir. 2000) (citations omitted). However, when there is sufficient independent corroboration of an informant's information or countervailing evidence to bolster the informant's credibility, it is not necessary to conduct a hearing. *See United States v. Johnson*, 2007 WL 594909 (D. Nev.) (citations omitted). The reliability of information provided by an informant is assessed under the totality of the circumstances. *See Gates*, 462 U.S. at 230. The magistrate must be informed of some of the underlying circumstances from which the informant concluded that the evidence is located where claimed "and some of the underlying circumstances from which the officer concluded that the informant . . . was 'credible' or his information 'reliable.'" *Id*. at 114.

Here, the affidavit indicates that the informant is a 13-year veteran of the United States Air Force with no history of disciplinary problems. During the time in the military, the informant was deployed to combat zones and participated in military operations. The informant is identified as the current owner and operator of a local gun store and, therefore, is not an anonymous informant. *See United States v. Rowland*, 464 F.3d 899, 907 (9th Cir. 2006) ("A known informant's tip is thought to be more reliable than an anonymous informant's tip."). The affidavit also states that the informant was concerned about any negative contact with law enforcement because he possesses a FFL. The affiant considers the informant an expert regarding the possession, sale and laws associated with military property. The affidavit further states that the informant participated in a controlled operation on August 3, 2011 to determine the

10

informant's reliability, trustworthiness, and ability to follow instructions. *See Rowland*, 464 F.3d at 908 (an informant's tip is considered more reliable if he is able to reveal his basis for knowledge of the information). The informant successfully completed the controlled operation. The informant also participated, with law enforcement agents, in successful purchases of suspected stolen military property from the Citadel Gun and Safe on August 1, 2011 and August 9, 2011. All of this information supports the finding of the magistrate judge regarding the veracity of the informant.

Additionally, evidence bearing on the veracity of the informant and his basis of knowledge is considered together with other relevant evidence in making the probable cause determination. *See United States v. Roberts*, 747 F.2d 537, 543 (9th Cir. 1984). Thus, the unsubstantiated claim of an ulterior motive sufficient to negate probable cause is unpersuasive. The informant's "concern" about negative contact with law enforcement" makes clear that the informant did not simply "drop in off the street." *See Strifler*, at 1201. The informant demonstrated reliability by successfully participating in operations designed to purchase stolen military property and demonstrated his credibility by reporting information which was corroborated by the controlling agents as he conducted two controlled purchases of suspected stolen military property from Call. The information supplied by the information was also independently verified. *See United States v. Freitas*, 716 F.2d 1216, 1222 (9th Cir. 1983) (informant's reliability may be demonstrated through independent police corroboration of the information provided).

In conclusion, the Court finds that Call did not make the substantial showing necessary regarding alleged Omission 1. Moreover, the unsubstantiated claim that the informant was the subject of the investigation and had sold stolen property does not change the conclusion that the informant was reliable. The informant provided accurate information which was corroborated by law enforcement, and so the magistrate judge's consideration of information provided by the informant was reasonable and appropriate.

**II.     Probable Cause**

Ultimately, Call did not identify any alleged omissions that the Court finds were misleading. Only Statement 3, claiming that Call's FFL had been revoked due to his dealings with Mexican Nationals, was

found to be recklessly false. Even when this statement is excised from the affidavit, there was probable cause to issue the search warrant. When viewed cumulatively, and with the deference afforded a magistrate's determination of probable cause, the undersigned concludes that Call is not entitled to a *Franks* hearing.

The affidavit is clear that the objects of the search included stolen military hardware, firearms, and equipment. Excising Statement 3 does not negate the determination that there was probable cause to believe that Call was in possession of stolen military property. Nor does it negate the probable cause that stolen military property may be located at the locations subject to search. The affidavit is clear that the affiant was advised on June 14, 2011 that a pallet of military specification body armor plates was stolen from Nellis Air Force Base and in Call's possession. Although hearsay, hearsay is no bar to a finding of probable cause. *Gates*, 426 U.S. at 238-39 (a magistrate judge may consider hearsay information as part of the probable cause determination for a search warrant); *see also e.g. United States v. Henderson*, 721 F.2d 662, 665 n.1 (9th Cir. 1983) ("An affidavit may be based on hearsay so long as there is basis for crediting the hearsay.").

Here, the magistrate judge also appropriately credited the information provided by the informant (see *supra* at 9-11). On July 30, 2011, Call informed the informant that he was in possession of ten military specification body armor plates and was willing to sell them. On August 1, the informant participated in a controlled buy wherein he purchased two interceptor vests and two military specification body armor plates (one in new shipping package), two military specification Infrared (IR) strobe lights, and one new military specification chemical warfare suit with associated equipment. On August 9, 2011, during another controlled operation, the informant purchased for $950 one M-192 heavy weapons mount stamped 04099 and a box of MREs. The affidavit states that additional steps were taken during the investigation to confirm with the manufacturer that the M-192 heavy weapons mount, stamped 04099, was sold exclusively to the Department of Defense since 2004 no M-192 heavy weapons mounts were commercially available. The affidavit also states that additional investigation was undertaken to confirm that the presence of two full pallets of MREs, as reported by the informant, would be an indicator of theft.

Call makes no claim that the M-192 weapons mounts purchased at the store were commercially available. Additionally, Call makes no claim that the new chemical weapons suit, ground signal laser and IR strobe lights reportedly locate in the store were commercially available. Even excising any reference to the MREs, interceptor vests, or ground laser would not negate probable cause based on the sale of the M-192 weapons mount. Regarding alleged Omissions 2-6, that Call might have legally possessed the items may prove to be a meritorious defense, but it does not negate probable cause. The investigation was into the sale of stolen goods. Even if Call could possess the items, there was sufficient probable cause to believe he was dealing stolen goods. Given the totality of the circumstances, the court finds that the affidavit was sufficient to support the search of the store because there was a "fair probability" that stolen military property was located there.

There is also sufficient probable cause to believe that evidence of stolen property would be found at Call's residence and in the storage facility. Call told the informant that he had more of the allegedly stolen property stored at his residence. After arranging a controlled purchase with Call, a government agent witnessed a truck backed up to the front door of Call's residence. The same truck appeared 18 minutes later at a location where another agent and the informant consummated a purchase of a body armor vest, two heavy weapons mounts (new in packaging), chemical warfare suits (new in packaging), an illumination signal kit, a laser ground pointer and other items. One of the heavy weapons mounts was the same type of M-192 mount previously purchased by the informant at Call's store. There is no claim that the M-192 weapons mounts, new chemical weapons suit, ground signal laser and IR strobe lights were lawfully possessed and none of the alleged omissions, if added, change this result. Further, in the context of this investigation, as discussed above, the general commercial availability of body armor or that "all night vision goggles are not for military use would not undermine the existence of probable cause that the equipment sold was stolen or other stolen property might be found in the locations to be searched.

The same is true of the storage facility. Many of the allegedly stolen goods were seen in the storage facility, including a large number of military chemical warfare suits and associated gear in the original vacuum packing, two pallets of MREs with approximately 30 boxes on each pallet, a large

number of IR strobes, and some night vision goggles at the storage facility. The presence of full pallets of MREs was specifically, and independently, confirmed as an indicator of theft. It may be that there is a defense or innocent explanation, but that does not overcome the showing of probable cause.

## CONCLUSION

In conclusion, Call has attempted to mask or attribute several claims that may provide innocent explanations for his action or be meritorious defenses as false statements or misleading omissions in the affidavit. That is not the standard when considering whether to conduct a *Franks* hearing. The undersigned has leniently credited some of Call's arguments but concludes that the magistrate judge had a substantial basis for concluding that probable cause existed to issue the search warrants. Call is not entitled to a *Franks* hearing. Accordingly,

## RECOMMENDATION

**IT IS THE RECOMMENDATION** of the undersigned Magistrate Judge that Defendant Jonathan Call's Motion to Suppress (#53) be **denied**.

## NOTICE

Pursuant to Local Rule IB 3-2 any objection to this Report and Recommendation must be in writing and filed with the Clerk of the Court within 14 days. The Supreme Court has held that the courts of appeal may determine that an appeal has been waived due to the failure to file objections within the specified time. *Thomas v. Arn*, 474 U.S. 140, 142 (1985). This circuit has also held that (1) failure to file objections within the specified time and (2) failure to properly address and brief the objectionable issues waives the right to appeal the District Court's order and/or appeal factual issues from the order of the District Court. *Martinez v. Ylst*, 951 F.2d 1153, 1157 (9th Cir. 1991); *Britt v. Simi Valley United Sch. Dist.*, 708 F.2d 452, 454 (9th Cir. 1983).

**DATED**: May 17, 2013.

_____
**C. W. HOFFMAN, JR.**
**United States Magistrate Judge**